IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GREEN,

    Petitioner.

  v.

ANTHONY HEDGPETH, Warden,

    Respondent.

No. C 10-04136 CW (PR)

ORDER DENYING MOTION FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing in this action.

Under the AEDPA express limitations are imposed on the power of a federal court to grant an evidentiary hearing.  The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in State court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).

Even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2), one is not required.  <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1041 (9th Cir. 2000).  The district court retains discretion whether to hold an evidentiary

1 hearing or to expand the record with discovery and documentary
2 evidence instead.  <u>Williams v. Woodford</u>, 384 F.3d 567, 590 (9th
3 Cir. 2004).  This permissible intermediate step may avoid the
4 necessity of an expensive and time consuming hearing in every
5 habeas corpus case.  <u>Id.</u> at 590-91.

6     Here, as a threshold matter, Petitioner has not alleged why he
7 is entitled to an evidentiary hearing under § 2254(e)(2).  He does
8 not assert that his claim relies on a new rule of constitutional
9 law that the Supreme Court has made retroactive to cases on
10 collateral review, nor does he allege that the factual predicate of
11 his claim could not have been previously discovered through the
12 exercise of due diligence.  Moreover, it is not clear to the Court
13 that the facts which Petitioner seeks to develop could not be
14 gathered other than by way of an evidentiary hearing, through the
15 use of discovery and supplementation of the record.  <u>See</u> <u>Downs</u>, 232
16 F.3d at 1041.  Accordingly, the request for an evidentiary hearing
17 is DENIED without prejudice as premature.  This denial is without
18 prejudice to the Court's <u>sua sponte</u> reconsideration should the
19 Court find an evidentiary hearing necessary following consideration
20 of the merits of Petitioner's claims.

21     This Order terminates Docket no. 20.

22     IT IS SO ORDERED.

23 Dated: 3/1/2011

                               CLAUDIA WILKEN
24                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN GREEN,

        Plaintiff,

  v.

THE PEOPLE OF STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV10-04136 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John  Green F11443
B-4-209
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960-1050

Dated: March 1, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California