1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GREEN,                              No. C 10-04136 CW (PR)

        Petitioner,                       ORDER GRANTING MOTION
                                          TO DISMISS AND
    v.                                    GRANTING CERTIFICATE
                                          OF APPEALABILITY
ANTHONY HEDGPETH, Warden,

        Respondent.
_____/

                        INTRODUCTION

    Petitioner John Green, a state prisoner incarcerated at

Salinas Valley State Prison, filed a pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  The Court ordered

Respondent to show cause why the writ should not be granted.

Respondent filed a motion to dismiss for untimeliness.  Petitioner

filed an opposition, and Respondent filed a reply.  Having

considered the papers submitted, the Court GRANTS Respondent's

motion to dismiss and grants Petitioner a certificate of

appealability.

                        BACKGROUND

    In 2005, Petitioner was convicted by an Alameda County jury of

second degree murder, attempted murder and assault with a deadly

weapon.  The jury also found that Petitioner personally and

United States District Court
For the Northern District of California

intentionally discharged a firearm which proximately caused great bodily injury or death, and that he personally used a firearm and inflicted great bodily injury.  Petitioner waived a jury trial on prior conviction allegations.  The trial court found five prior felony allegations, including one that constituted a strike. Petitioner was sentenced to an indeterminate term of eighty years to life with possibility of parole, consecutive to a determinate term of nine years, eight months.

Petitioner filed an appeal in the California Court of Appeal, claiming that (1) the trial court erred in instructing the jury on the unavailability of a defense of self-defense to one who creates a need for self-defense by his own conduct; (2) he received ineffective assistance of counsel due to his trial counsel's failure to object to a portion of the prosecutor's rebuttal argument; and (3) the admission of a preliminary hearing transcript during the court trial on prior conviction allegations violated his rights under the confrontation clause of the Sixth Amendment.  On May 12, 2008, the appellate court rejected his claims.

Petitioner filed a petition for review in the California Supreme Court.  The state supreme court denied review without comment on August 13, 2008.  Petitioner does not allege that he sought review in the United States Supreme Court, and there is no evidence that he filed any other pleadings in state court to challenge his convictions.

On September 14, 2010, Petitioner filed motions to appoint counsel (Docket No. 1) and to proceed in forma pauperis (Docket No. 4), which were filed by the Clerk of the Court as a habeas corpus

2

action.   On the same day the action was filed, the Clerk of the
Court sent Petitioner a notice that he had not filed a petition and
that if he did not do so within thirty days his action would be
dismissed.   On September 22, 2010, Petitioner filed a motion for an
extension of time to file his petition.   On October 19, 2010, the
Court granted Petitioner's request and extended the thirty day
deadline to file his petition to November 18, 2010.   On November
15, 2010, Petitioner filed his petition for a writ of habeas
corpus.   Based upon this series of events, the Court will consider
September 14, 2010 as the date the present petition was filed.
However, as discussed below, the statute of limitations had already
expired by that date.

     In response to Respondent's motion to dismiss for
untimeliness, Petitioner claims he was unable to file his petition
sooner because he did not receive requested documents from his
appointed appellate counsel, Mark D. Greenberg, until July 16,
2010.   According to Petitioner, he spent nearly two years
attempting to contact his appellate counsel, by mail, phone and
through third parties, including a family member, a friend, a pro
bono private investigator and the First District Appellate Project.

     In support of his opposition, Petitioner attached a copy of
his incoming and outgoing prison mail logs from January 2009 until
October 2010.   See Opp. Ex. C.   The outgoing log indicates that on
January 16, 2009, Petitioner sent mail to an unnamed Oakland
attorney with the zip code 94610.   On April 22, 2009, Petitioner
sent mail to "AAL Greenburg [sic]" at Oakland zip code 94612.   The
next relevant entry is over a year later, on May 3, 2010, when

3

Petitioner sent mail to "M Greenberg AAL" at Oakland zip code 94610.  The log also shows Petitioner sent mail to the First District Appellate Project on June 17, 2010.

Petitioner's incoming mail log indicates that on July 16, 2010, he received two boxes from Mr. Greenberg.  Petitioner states only that these boxes contained work product.

Petitioner also marked entries on his outgoing mail log showing that he sent mail to "S. Strellis AAL" at Oakland zip code 94621 and "S.W. Strellis ATT" at Oakland zip code 94612, both on July 7, 2010.  Although Petitioner's brief does not explain the content or significance of these entries, Petitioner previously identified Spencer Strellis as his trial counsel.  On September 14, 2010, before filing his petition, Petitioner wrote to the Court requesting that a mediator be appointed to help him obtain his trial counsel's work product.  (Docket No. 3.)  Petitioner does not contend in his Opposition that the delay in obtaining records from his trial counsel entitles him to equitable tolling, presumably because there is no indication in his mail log of attempts to contact Mr. Strellis prior to July 7, 2010, nearly nine months after the expiration of the statute of limitations to file his federal petition.

Petitioner also suggests that his phone and mail logs from Kern Valley State Prison, where he resided from July 2007 until January 2009, would show his efforts to obtain the materials from Mr. Greenberg.  These logs were not submitted by Petitioner. Petitioner submits no other evidence of his or any third party's efforts to obtain the files from Mr. Greenberg.

United States District Court
For the Northern District of California

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

Although § 2244(d) states that the limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," direct review includes the ninety-day period in which a petitioner may file for a writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, Petitioner's state judgment became final on November 11, 2008. Petitioner was required to file his

5

United States District Court
For the Northern District of California

1    federal habeas petition no later than November 11, 2009.  See

2    § 2244(d).  His petition, even if deemed filed on September 14,

3    2010, was filed approximately ten months after the limitations

4    period had expired.  Thus, the petition is untimely absent either

5    delayed commencement of the limitations period or equitable

6    tolling.

7         Petitioner does not suggest, and the Court does not discern,

8    any basis for delayed commencement of the limitations period.

9    Petitioner does not allege any state action that prevented him from

10   filing his petition earlier.  Because his claims in this petition

11   are identical to his claims before the California Court of Appeal,

12   Petitioner does not allege a violation of any right newly

13   recognized by the Supreme Court or a factual predicate of which he

14   was previously unaware.

15        Petitioner does, however, present an argument for equitable

16   tolling of the statute of limitations, based on the delay in

17   receiving documents from his appellate counsel.  The one-year

18   limitations period can be equitably tolled because § 2244(d) is a

19   statute of limitations, not a jurisdictional bar.  Holland v.

20   Florida, 130 S. Ct. 2549, 2560 (2010).  "When external forces,

21   rather than a petitioner's lack of diligence, account for the

22   failure to file a timely claim, equitable tolling of the statute of

23   limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,

24   1107 (9th Cir. 1999).  "[A] 'petitioner' is 'entitled to equitable

25   tolling' only if he shows '(1) that he has been pursuing his rights

26   diligently, and (2) that some extraordinary circumstance stood in

27   his way' and prevented timely filing."  Holland, 130 S. Ct. at 2562

28                                    6

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  Porter v. Ollison, 620 F.3d 952, 959 (2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (2009)).

The Ninth Circuit has held that the failure of a pro se petitioner's trial attorney to provide him with parts of his legal file may be an extraordinary circumstance warranting equitable tolling.  See United States v. Battles, 362 F.3d 1195, 1197-98 (9th Cir. 2004) (§ 2255 petition) (remanding to district court to determine whether counsel's failure to provide petitioner with trial transcript warranted equitable tolling); but see Randle v. Crawford, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-appointed counsel's failure to provide petitioner his legal papers did not warrant equitable tolling where petitioner sought papers for his state habeas petition; delay did not prevent petitioner from filing a federal habeas petition).  Petitioner is entitled to equitable tolling if his counsel's delay in providing the files caused his untimeliness and made it impossible for him to file in time, Porter, 620 F.3d at 959, and if Petitioner was "pursuing his rights diligently," Holland, 130 S. Ct. at 2562.

Petitioner's evidence does not demonstrate his diligence in seeking to obtain these files.  The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565.  Although "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

7

**United States District Court**
For the Northern District of California

circumstance warranting equitable tolling," <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006), a <u>pro se</u> prisoner's allegations regarding diligence in filing a federal petition must be construed liberally, <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006).

Construed liberally, Petitioner's mail log indicates that he made, at most, two attempts to contact his appellate counsel by mail between January 2009 and the expiration of the statute of limitations in November 2009.  There were no attempts at all between April 2009 and November 2009.  In addition, more than a year passed between his April 2009 attempt and his next attempt, in May 2010.  The latter attempt came five months after the statute of limitations had run.

Moreover, following receipt of the two boxes of work product from his appellate counsel, Petitioner did not initiate the present action for another two months.  During this time he was seeking files from his trial counsel Mr. Strellis.  But his mail log discloses no attempts to contact Mr. Strellis by mail prior to July 2010.  The significant gaps in his own attempts to contact his appellate counsel, as well as the delay in contacting his trial counsel, demonstrate a lack of diligence on Petitioner's part.

Petitioner states that he also attempted to contact his appellate counsel by telephone, and that others acting on his behalf attempted to contact his appellate counsel.  However, Petitioner does not provide any additional information about these attempts, such as the means that were employed, or the dates or results of those attempts.

8

United States District Court
For the Northern District of California

Even if Petitioner had acted with sufficient diligence to receive equitable tolling of the statute of limitations, he has not shown that the delay in receiving his appellate counsel's files made it impossible for him to file a timely petition. See Porter, 620 F.3d at 959. Petitioner states that he needed his appellate counsel's work product so he "could submit a nonfrivolous[] petition for writ of habeas corpus."

Petitioner does not identify any specific document that he needed from his appellate counsel's files in order to file his petition. Although he attached several documents to his petition, including the California Court of Appeal opinion, the California Supreme Court's order denying review, and what appears to be some of the evidence from his trial, these documents were not required. See Pliler v. Ford, 542 U.S. 225, 232 & n.2 (2004) (noting that petitioners are not required to submit state court records unless challenging sufficiency of the evidence). Indeed, Petitioner did not refer to these documents anywhere in his petition. Nor has Petitioner shown that he needed the records from his appellate counsel to understand the basis for his claims. He was served with the pleadings filed by his appellate counsel in the Court of Appeal and the California Supreme Court. See Respondent's Reply, Ex. A.

Because Petitioner did not need his legal files in order to attach unnecessary state court records to his habeas petition or to understand the basis of his claims, his lack of access to the files did not make it impossible for him to file a timely petition. See Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009) (lack of access to legal files not an extraordinary circumstance where record

9

showed petitioner was aware of the factual basis for his claims without the files). Petitioner's claim that he needed the files is further belied by his previous representations to the Court. Before filing his petition but after receiving the files from his appellate counsel, Petitioner stated that his lack of access to the docket sheet from the trial court, the trial exhibits and his trial counsel's work product made him "unable to prepare a nonfrivolous petition." September 14, 2010 Letter (Docket No. 3). At that time, Petitioner represented that the delay in receiving files from his trial counsel prevented him from filing his petition even though he had received the files from his appellate counsel. Therefore, Petitioner has not shown that it was the delay in receiving his appellate counsel's files that caused his untimeliness, and he is not entitled to equitable tolling of the statute of limitations.

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition (Docket no. 21) is GRANTED. This action is DISMISSED WITH PREJUDICE. The Court must rule on a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that, by making a colorable argument regarding equitable tolling, Petitioner has made a sufficient showing of the denial of a constitutional right to

justify a certificate of appealability.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

Dated: 8/12/2011

CLAUDIA WILKEN
United States District Judge

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN GREEN,

        Plaintiff,

v.

THE PEOPLE OF STATE OF CALIFORNIA et al,

        Defendant.
_____/

Case Number: CV10-04136 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John  Green F11443
B-4-209
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960-1050

Dated: August 12, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California

12